WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street
Newark, New Jersey 07102
Tel: (973) 624-0800
Fax: (973) 624-0808
Attorneys for Plaintiff,
Transamerica Occidental Life Insurance Company

RPL-1553

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL SYSTEMS, INC., and TOTSYS, INC.<br><br>Defendants. | : UNITED STATES DISTRICT COURT<br>: DISTRICT OF NEW JERSEY<br>:<br>: CIVIL ACTION NO:<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>: |

Transamerica Occidental Life Insurance Company (hereinafter "TOLIC"), a corporation duly organized under the laws of and having its principal place of business in the State of Iowa at 4333 Edgewood Road, NE Cedar Rapids, Iowa 52499, by and through the undersigned counsel, hereby alleges and says:

## BACKGROUND

1. By way of this action, TOLIC seeks to recover $1,978,418.11, which was erroneously paid to Total Systems, Inc. as death benefits under a policy of Individual Life Insurance, number 41886248 (the Policy), issued by TOLIC.

2. TOLIC erroneously paid $2,003,888.36 in death benefits to Total Systems, Inc. on account of the death of Robert Hendrickson ("Hendrickson"), who was insured under the Policy.

690732.22

3. The Policy contained an Aviation Exclusion Rider, which limited the amount of benefits payable in the event that Hendrickson was to die as a result of operating, riding in or descending from any kind of aircraft while acting as a crew member of that aircraft.

4. Because Hendrickson died as the result of an airplane crash while acting as the pilot of the airplane, TOLIC should have paid only $25,470.25 under the terms and provisions of the Policy, including the Aviation Exclusion Rider.

5. TOLIC has demanded reimbursement of the overpayment, but defendants have refused to remit payment.

## JURISDICTION AND VENUE

6. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

7. Upon information and belief, defendant Total Systems, Inc. is a New Jersey Corporation with its principal place of business at 391 Springfield Ave. #101, Berkeley Heights, New Jersey.

8. Upon information and belief, defendant Totsys, Inc. is a New Jersey Corporation with its principal place of business at 391 Springfield Ave. #101, Berkeley Heights, New Jersey.

9. Totsys, Inc. is the named beneficiary of the Policy.

10. Upon information and belief, Daniel Devine ("Devine") is a citizen of the State of New Jersey with a primary residence at 1220 Route 22 West, Lebanon, New Jersey.

11. Devine is the owner of the Policy.

12. Upon information and belief Devine is the President and sole shareholder of defendants Total Systems, Inc. and Totsys, Inc.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all of the defendants are citizens of the State of New Jersey and reside within the State of New Jersey.

## APPLICATION FOR THE POLICY

14. On or about December 28, 1999, Devine, as proposed owner, and Hendrickson, as proposed insured, completed and executed an Application Part I Individual Life Insurance, seeking issuance of a policy of Individual Life Insurance from TOLIC with a face amount of $2,000,000 (the "Application").

15. The stated purpose for the life insurance applied for was to fund the purchase of shares in Totsys, Inc. owned by Hendrickson at the time of his death pursuant to a buy-sell agreement entered into by and between Hendrickson and one or more of the defendants and/or Devine.

16. In the Application, Hendrickson answered "no" to question 30, which asked: "Does the Proposed Insured intend to fly other than as a passenger or flown other than as a passenger during the past two years? If "Yes", complete the Aviation Questionnaire."

17. On August 29, 2000, defendants' insurance broker transmitted to TOLIC a facsimile enclosing a Sports and Avocation questionnaire.

18. In the facsimile cover sheet, the broker wrote the following: "Please reissue with Aviation Exclusion. Insured started flying lessons August 1, 2000. Therefore, we need policy

3

690732.2

reissued with the exclusion. Thanks!"

19. In the Sports and Avocation questionnaire, Devine and Hendrickson represented that Hendrickson "Started taking flying lessons on August 1, as recreational pilot."

20. TOLIC advised the broker of the applicable rates for student pilot coverage and instructed the broker that a new application would be required to consider issuance of the policy under year 2000 rates.

21. On or about September 11, 2000, the broker telephoned TOLIC and advised that defendants wished to withdraw the Application.

22. On September 28, 2000, the broker again telephoned TOLIC to advise that defendants had changed their minds and wanted to purchase a policy with an Aviation Exclusion Rider.

23. On or about October 28, 2000, Devine and Hendrickson completed and executed a new Application for Individual Life Insurance, Parts I and II. This time, Devine and Hendrickson answered "Yes" to question 30, which asks: "Does the Proposed Insured intend to fly other than as a passenger or flown other than as a passenger during the past two years?" In the "Remarks" section below question 30, Devine and Hendrickson instructed TOLIC to "ISSUE W/ AVIATION EXCLUSION."

24. When Devine and Hendrickson applied for the Policy, they knew that the Policy, if issued at all, would be issued with an Aviation Exclusion Rider.

25. Accordingly, TOLIC issued the Policy, as applied for, with an Aviation Exclusion Rider on November 8, 2000.

26. The Aviation Exclusion Rider provides in material part as follows:

> If the Insured dies as a result of operating, riding in or descending from any kind of aircraft while the Insured is a crew member of that aircraft, our liability will be limited to the Reduced Liability Amount.
>
> **Reduced Liability Amount** -- The reduced liability amount will be a single sum equal to the larger of:
>
> 1. The premiums paid on the policy with interest at the annual rate of 2½% compounded annually, less any dividends paid by us with interest at the same rate; or,
>
> 2. The reserve under the policy including the reserve for any paid-up additions, plus any dividend accumulations.

## APPLICATION FOR REINSTATEMENT

27. Defendants' expectation, understanding and intention that the Policy was issued with an Aviation Exclusion Rider is further evidenced by facts first learned by TOLIC in the course of defendants' application for reinstatement of the Policy.

28. Defendants failed to pay the premium due under the Policy on August 22, 2001 by the due date or within the grace period for payment of premiums. Therefore, the Policy lapsed for non-payment of premium.

29. On or about December 21, 2001, Devine and Hendrickson completed and executed a Reinstatement Application.

30. Devine and Hendrickson answered "no" to question 9d in the Reinstatement Application which asked Hendrickson: "During the past 5 years, have you . . . Been declined, rated, modified, postponed, refused renewal or refused reinstatement for any life insurance application?"

31. In an email dated January 4, 2002, TOLIC requested confirmation of the response to question 9d in light of inconsistent information provided to TOLIC by the Medical Information Bureau (MIB).

32. On January 9, 2002, defendants' broker provided an amended version of the Reinstatement Application with the following explanation contained in the "Remarks" section: "Client applied for insurance through (Prudential) another broker since the issue of this contract. Client was looking to have a policy issued w/o the Aviation Rating. He never . . . . No exam was completed."

33. Based upon the representations contained in the Reinstatement Application, TOLIC approved reinstatement of the Policy.

34. The explanation of the MIB information provided to TOLIC in connection with defendants' application for reinstatement further demonstrates that defendants and Hendrickson knew that the Policy was issued with an Aviation Exclusion Rider and intended to maintain the Policy with the Aviation Exclusion Rider.

## CLAIM AND PAYMENT

35. Upon information and belief, prior to Hendrickson's death, Hendrickson was no longer a shareholder in Total Systems, Inc. or Totsys, Inc.

36. Upon information and belief, as of the time of Hendrickson's death, Hendrickson's shares of Total Systems, Inc. and Totsys, Inc., the purchase of which the Policy was initially intended to fund, had already been transferred by Hendrickson to Devine, and/or Total Systems, Inc. and/or Totsys, Inc. and or some other third party in which Hendrickson

retained no interest or control.

37. Upon information and belief, as of the time of Hendrickson's death, none of the defendants was under any obligation to purchase any shares or any other property from Hendrickson or his estate.

38. Hendrickson died while piloting a private airplane in Alaska on or about August 6, 2007.

39. Hendrickson's death, therefore, occurred as a result of operating, riding in or descending from an aircraft while acting as a crew member of that aircraft.

40. Therefore, defendants' claim for benefits under the Policy is subject to the Aviation Exclusion Rider.

41. Defendants' claim for benefits under the Policy is subject to the Reduced Liability Amount set forth in the Aviation Exclusion Rider.

42. Defendants' presented the claim for death benefits under the Policy through counsel by way of letters dated October 17, 2007 and October 30, 2007.

43. Defendants were aware at the time they submitted the claim for death benefits that only the Reduced Liability Amount was due and owing under the terms of the Policy.

44. On November 5, 2007, a claims examiner for TOLIC mistakenly approved payment of defendants' claim to include the full face amount of the policy, and forwarded TOLIC's check in the amount of $2,003,888.36.

45. Defendants knew at the time payment was made that TOLIC overpaid the claim

690732.2

under the terms of the Policy.

46. Shortly thereafter, the claims examiner realized that payment of the full face amount of the Policy was an error because the Policy contains an Aviation Exclusion Rider.

47. On January 2, 2008, the claims examiner wrote to Devine to advise him of the error and requested reimbursement of TOLIC's overpayment of benefits.

48. Specifically, TOLIC has demanded that defendants return to TOLIC the full amount of overpayment of $1,978,418.11.

49. Defendants have failed and refused, and continue to fail and refuse, to remit reimbursement of the overpayment of death benefits despite TOLIC's repeated requests for same.

## COUNT I
### (Restitution/Refund of Overpayment on Contract)

50. TOLIC hereby repeats each of the allegations contained in the foregoing paragraphs and incorporates it herein as though fully set forth at length.

51. TOLIC overpaid benefits due under the Policy on account of the death of Hendrickson.

52. TOLIC's overpayment was the result of a mistake of fact and/or misinterpretation of the contract.

53. TOLIC is entitled to recover the overpayment.

WHEREFORE, TOLIC demands judgment in its favor requiring defendants, individually and collectively, to make restitution to TOLIC in the amount of $1,978,418.11, plus interest,

690732.2

attorneys fees, costs of suit, and all other relief to which TOLIC may be entitled.

## COUNT II
### (Unjust Enrichment)

54.  TOLIC hereby repeats each of the allegations contained in the foregoing paragraphs and incorporates it herein as though fully set forth at length.

55.  TOLIC paid the full face amount of the Policy to defendants based upon a mistake of fact concerning the coverage provided under the Policy.

56.  Specifically, TOLIC's claims examiner mistakenly overlooked the fact that the Policy included an Aviation Exclusion Rider, which limited the amount payable to the beneficiary to a refund of premiums plus interest.

57.  TOLIC's recovery of the overpayment from defendants will not prejudice defendants.

58.  Defendants' retention of the overpayment would be unjust.

WHEREFORE, TOLIC demands judgment in its favor requiring defendants, individually and collectively, to pay to TOLIC the sum of $1,978,418.11, plus interest, attorneys fees, costs of suit, and all other relief that this Court may deem equitable and just.

## COUNT III
### (Breach of Contract)

59.  TOLIC hereby repeats each of the allegations contained in the foregoing paragraphs and incorporates it herein as though fully set forth at length.

60.  Pursuant to the clear and unambiguous terms and provisions of the Policy, including the Aviation Exclusion Rider, TOLIC was liable to pay the Reduced Liability Amount

of $25,470.25.

61. Defendants' acceptance of an amount in excess of $25,470.25 and refusal to reimburse TOLIC for the overpayment constitutes a breach of contract.

WHEREFORE, TOLIC demands judgment in its favor requiring defendants, individually and collectively, to pay damages to TOLIC in the amount of $1,978,418.11, plus interest, attorneys fees, costs of suit, and all other relief to which TOLIC may be entitled.

## COUNT IV
### (Breach of the Covenant of Good Faith and Fair Dealing)

62. TOLIC hereby repeats each of the allegations contained in the foregoing paragraphs and incorporates it herein as though fully set forth at length.

63. Defendants' refusal to reimburse TOLIC for the overpayment of benefits constitutes a breach of defendants' duty of good faith and fair dealing implied in the Policy.

WHEREFORE, TOLIC demands judgment in its favor requiring defendants, individually and collectively, to pay to TOLIC the sum of $1,978,418.11, plus interest, attorneys fees, costs of suit and all other relief to which TOLIC may be entitled.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
33 Washington Street
Newark, New Jersey  07102
(973) 624-0800
(973) 624-0808 facsimile

Robert P. Lesko

Attorneys for Plaintiff,
Transamerica Occidental Life Insurance Company

Dated: March 14, 2008

10

690732.2