NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE CO., | Hon. **Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-1323 (DMC) |
| TOTAL SYSTEMS, INC.; and TOTSYS, INC., |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Total Systems, Inc. and TOTSYS, Inc. ("Defendants") to dismiss Counts I through IV of the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **denied**.

I.   **BACKGROUND**[1]

Plaintiff Transamerica Occidental Life Insurance Company ("TOLIC") seeks to recover $1,978,418.11 that it allegedly overpaid to Defendants as death benefits under an individual life insurance policy (the "Policy") issued on the life of Robert Hendrickson.

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

On or about December 28, 1999, Daniel Devine and Hendrickson, the principals of Total Systems, Inc. (the "Corporation"), obtained life insurance policies on each other's lives with the Corporation named as the beneficiary. Hendrickson's policy sought coverage from TOLIC in the amount of $2,000,000. The stated purpose of the policy was to fund the purchase of any stock in the Corporation still owned by Hendrickson at the time of his death, pursuant to a buy-sell agreement between Hendrickson and one or more of the Defendants. The Policy is alleged to have included an Aviation Exclusion Rider providing for reduced payout in the event that Hendrickson died "as a result of operating, riding in or descending from any kind of aircraft while . . . a crew member of that aircraft."

Hendrickson died while piloting a private airplane in Alaska on or about August 6, 2007. On November 5, 2007, a claims examiner for TOLIC paid $2,003,888.36 in death benefits to Defendants. Because Hendrickson died as a result of an airplane crash while piloting the aircraft, however, TOLIC alleges that the Aviation Exclusion Rider required payment of only $25,470.25. On January 2, 2008, a TOLIC claims examiner advised Defendants of the error and requested return of the overpayment. Defendants have refused to return the alleged overpayment.

Currently before the Court is Defendants' motion to dismiss Counts I through IV of the Second Amended Complaint, including claims of: (1) restitution; (2) unjust enrichment; (3) breach of contract; and (4) breach of the covenant of good faith and fair dealing.

## II.   STANDARD OF REVIEW

Courts considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must accept all allegations in the complaint as true and view all facts in the light most favorable to the plaintiff.

2

See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). Thus considered, if it appears beyond doubt that no relief can be granted "under any set of facts which could prove consistent with the allegations," the complaint should be dismissed for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45–46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

### III. DISCUSSION

Defendants put forth three theories for dismissing Counts I through IV of the Second Amended Complaint: (1) failure to plead fraud; (2) estoppel; and (3) waiver. Because the Court finds that Plaintiff has plead a proper cause of action for each of the challenged Counts, the Defendants' motion to dismiss is **denied**.

#### I. Fraud

TOLIC is not required to plead fraud in order to pursue its claims for refund and restitution of its alleged overpayment. Defendants argue that an insurer cannot recover payments made under a unilateral mistake in the absence of fraud by the payee. Defendants support their

3

argument by citing a series of cases requiring fraud or other culpable conduct for the rescission or reformation of a contract. See, e.g., Intertech Assocs., Inc. v. City of Paterson, 255 N.J. Super. 52 (App. Div. 1992) (rescission); Heake v. Atlantic Cas. Ins. Co., 15 N.J. 475 (1954) (reformation). These cases are inapposite, however, as TOLIC is not seeking rescission or reformation of the Policy under the challenged Counts. Rather, TOLIC seeks restitution of monies paid under a mistake of fact as to the extent of the Policy's coverage, claims which do not necessarily contemplate culpable conduct by the payee.

Restitution is an available remedy for an insurance company seeking recovery of payments made under a unilateral mistake of fact in the absence of detrimental reliance. See Villanueva v. Amica Mut. Ins. Co., 374 N.J. Super. 283, 289 (App. Div. 2005); Great Am. Ins. Co. v. Yellen, 58 N.J. Super. 240, 244 (App. Div. 1959). Indeed, courts have found that even the lack of care on the insurer's part will not bar an award of restitution. See Villanueva, 274 N.J. Super. at 289 (noting that ordinary negligence will not bar relief so long as the insurer has met its duty of good faith and fair dealing). In this case, TOLIC has properly plead a unilateral mistake of fact that led to an overpayment under the Policy. Because fraud is not an element of TOLIC's claims, and because courts routinely allow an insurer to recover payments made under unilateral mistake of fact in the absence of prejudice, the Court finds that TOLIC has properly plead its claims.

    II.    Estoppel

Even if its claims are properly plead, Defendants argue that TOLIC is nonetheless estopped from recovering its overpayment because it failed to disclaim coverage "within a

reasonable time." Courts generally do not invoke estoppel to create insurance coverage where it would not otherwise exist except under "appropriate circumstances." See Harr v. Allstate Ins. Co., 54 N.J. 287, 308 (1969). Among the "appropriate circumstances" allowing for an exception is where the claiming party can show: (1) a misrepresentation as to the fact or extent of coverage by the insurer or its agent; and (2) reasonable reliance by the insured thereon to his ultimate detriment. Martinez v. John Hancock Mut. Life Ins. Co., 145 N.J. Super. 301, 314 (App. Div. 1976). Nonetheless, estoppel should be applied only in "very compelling circumstances, where the interests of justice, morality, and common fairness clearly dictate that course." Phillips v. Borough of Keyport, 107 F.3d 164, 182 (3d Cir. 1997).

In this case, TOLIC's overpayment is alleged to be the result of a unilateral mistake of fact that extended the Policy's coverage to include death while operating an airplane, an otherwise uncovered risk. Accordingly, whether or not TOLIC should be estopped from recovering its overpayment requires an examination of whether Defendants' reliance on TOLIC's initial payment was "reasonable" and whether Defendants relied on that payment to their "ultimate detriment." At this stage of the litigation, it is unclear whether Defendants reliance was reasonable or whether Defendants suffered sufficient prejudice warranting estoppel. Viewing the facts in the light most favorable to the Plaintiff, the Court finds that estoppel should not be applied.

Furthermore, the Court notes that the majority of cases applying estoppel in the insurance context appear to involve an insurer's misrepresentation of coverage at the inception of the contract, so that the insured operates during the policy's lifetime under the mistaken belief that

5

certain risks would be covered when in fact they were not. See, e.g., Harr, 54 N.J. at 305–07 (applying estoppel where insurance agent misrepresented extent of coverage "before or at the inception of the contract"). In this case, TOLIC's alleged coverage misrepresentation occurred after the insured event, not at the Policy's inception. Under such circumstances, Defendants should have had no illusions during the contract's lifetime that death while operating an airplane would be covered. While the Court does not base its decision on this distinction, we note that it may affect the "reasonableness" and type of prejudice required to invoke estoppel.

      III.     Waiver

Finally, Defendants argue that TOLIC waived its right to raise the Aviation Exclusion because it made payment with full knowledge of the events surrounding Hendrickson's death and waited two months before attempting to recover the overpayment. "Waiver involves the intentional relinquishment of a known right, and thus it must be shown that the party charged with the waiver knew of his or her legal rights and deliberately intended to relinquish them." Shebar v. Sanyo Bus. Sys. Co., 111 N.J. 276, 291 (1988); West Jersey Title & Guar. Co. v. Indus. Trust Co., 27 N.J. 144, 152 (1958). In the insurance context, however, "[w]here the policy does not cover the loss, it [is] inaccurate to speak of 'waiver' since there is nothing to waive." Merchants Indem. Corp. v. Eggleston, 37 N.J. 114, 129 (1962) (noting in "duty to defend" action that estoppel and prejudice are better theories where the policy does not cover the loss).

In this case, Defendants essentially seek to expand coverage of the Policy by claiming that TOLIC waived its right to invoke the Aviation Exclusion. Leaving aside whether wavier applies to an insurer who erroneously paid for a non-covered event, the Court finds nonetheless

6

that, when viewing the facts in the light most favorable to the Plaintiff, TOLIC did not intentionally give up its right to raise the Aviation Exclusion.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss Counts I through IV of the Second Amended Complaint under Rule 12(b)(6) is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        October __14_, 2008
Orig.:       Clerk
cc:         All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File