NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, : : : Plaintiff, : : v. : : TOTAL SYSTEMS, INC., and TOTSYS, INC.. : : Defendant. : | Hon. Dennis M. Cavanaugh<br><br>Civil Action No. 08-CV-1323 (DMC)(JAD)<br><br>OPINION |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Total Systems, Inc. and Totsys Inc. (collectively "Defendants") for a stay pending appeal of this Court's March 31, 2011 Opinion and Order. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, the decision of this Court upon this motion is set forth for the reasons herein expressed separately below.

I.  **BACKGROUND**

Transamerica Occidental Life Insurance Company ("Transamerica" or "Plaintiff") sought to recover $1,978,418.11 that it overpaid to Defendants as death benefits under an individual life insurance policy (the "Policy") issued on the life of Robert Hendrickson ("Hendrickson"). The Policy included an Aviation Exclusion Endorsement providing for reduced payout in the event that Hendrickson died "as a result of operating, riding in or descending from any kind of aircraft while . . . a crew member of that aircraft." Defendants denied that the Policy contained an Aviation

Exclusion Endorsement, but were unable to produce the original Policy. By contrast, Transamerica produced the Life Policy Invoice, which was automatically generated and printed at the same time as the policy and is a precise record of each of the forms, amendments, and endorsements contained within the referenced policy. The Life Invoice Policy for Hendrickson contained several references to the Aviation Exclusion Endorsement.

Hendrickson died while piloting a private airplane in Alaska on August 6, 2007, and on November 5, 2007, a claims examiner for Transamerica mistakenly paid $2,003,888.36 in death benefits to Defendants. Based on the Aviation Exclusion Endorsement, the payment under the Policy should only have been $25,470.25. On January 2, 2008, a Transamerica claims examiner advised Defendants of the error and requested return of the overpayment. Defendants refused to return the alleged overpayment, and Transamerica subsequently filed suit to recover the monies it overpaid. After discovery, both parties moved for summary judgment. On March 31, 2011, this Court issued an Opinion and Order granting Plaintiff's motion for summary judgment and ordering Defendants to pay Plaintiff $1,978,418.11 within sixty days of the Judgment. Defendants timely filed for an appeal, which is pending before the Third Circuit. Defendants subsequently filed a motion to stay this Court's March 31, 2011 Judgment pending Defendants' appeal.

### III.    JURISDICTION

"[T]he timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." In re Advanced Electronics, Inc., 283 Fed. Appx. 959, 963 (3d Cir. 2008) (internal citations omitted). However, during the pendency of an appeal, a district court "is not divested of jurisdiction to... issue orders regarding

the filing of... supersedeas bonds" or issuing a stay. Id.; see also Fed. R. App. P. 8(a)(1)(A)-(B)("[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; [or] (B) approval of a supersedeas bond.").

Accordingly, this Court has jurisdiction to decide Defendants' motion, and enter an order staying the judgment and approving a supersedeas bond as it deems appropriate.

## III.   LEGAL STANDARD

Judgment debtors who are appealing a District Court's decision to a Court of Appeals may move for a stay of a monetary judgment under Fed. R. Civ. P. R 62(d).[1] "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . [T]he bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

A party appealing a decision from the District Court "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." Pharmacia Corp. V. Motor Carrier Services Corp., 2008 WL 852255, at *4 (D.N.J. March 28,

---

[1]Defendants moved for a stay pursuant to Fed. R. Civ. P. 62(b)(4) and 60(b)(6). Rule 62(b)(4) provides in relevant part, "on appropriate terms for the opposing party's security, the court may stay execution of a judgment... pending disposition of ...[a] motion[]... under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4). Rule 60(b)(6) provides in relevant part, "the court may relieve a party... from a final judgment, [or] order for... any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although Defendants have captioned their motion as one under Rule 60(b)(6), Defendants' moving papers have failed to address Rule 60(b)(6) *entirely*. Accordingly, to the extent Defendants' moved for relief under Rule 60(b)(6), their motion is denied. Since Rule 62(b)(4) only applies when a Rule 60 motion is pending, and no such motion is pending before this Court, Rule 62(b)(4) is not applicable. However, Rule 62(d) provides authority for this Court to stay judgment pending appeal to the Third Circuit, so this Court will evaluate Defendants' motion pursuant to Rule 62(d).

2008). "A supersedeas bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." Id. "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." Id. (internal citations omitted); see also AMG Nat'l Trust Bank v. Ries, 2008 U.S. Dist. LEXIS 44014, at *4 (E.D. Pa. June 4, 2008) ("Given that the purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal and to protect the winning party from the possibility of loss resulting from the delay in execution, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs."). "The amount of the bond -- and in fact, whether to require a bond at all -- remains within the Court's discretion." Pharmacia, 2008 WL 852255 at *4.

"While the Third Circuit has not spoken on the issue, district courts in this circuit have joined Courts of Appeals of sister circuits in holding that Rule 62(d) does not limit district courts from exercising their discretion to waive the supersedeas bond requirement in certain cases." Church & Dwight Co., Inc. V. Abbott Laboratories, 2009 U.S. Dist. LEXIS 64459, at *40 (D.N.J. July 23, 2009)(citing Tomasko v. Ira H. Weinstock, P.C., 2009 U.S. Dist. LEXIS 17334, at *2 (M.D. Pa. Mar. 6, 2009)). "However, courts have also held that they should *only* exercise this discretion in *exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest*." Id. (emphasis added) (internal citations omitted). "It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." AMG Nat'l Trust Bank, 2008 U.S. Dist.

4

LEXIS 44014 at *4.

When determining whether an exceptional circumstance exists, the courts are directed to consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that this Court has in the availability of funds to pay the judgment; (4) whether the [debtor's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [debtor] is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position." Grant v. Omni Health Care Systems of NJ, Inc., 2010 U.S. Dist. LEXIS 82963 at *2 (D.N.J. Aug. 13, 2010)(citing Church & Dwight Co., Inc., 2009 U.S. Dist. LEXIS 64459 at *41-42).

IV. **DISCUSSION**

Defendants are entitled to a stay of the money judgment as a matter of right pending their appeal of this Court's Opinion and Order. Fed. R. Civ. P. 62(d); Pharmacia, 2008 WL 852255 at *4.

Defendants are seeking a waiver of the supersedeas bond requirement. Plaintiff opposes any waiver of the bond. As noted above, this Court has discretion to waive the bond requirement provided Defendants demonstrate exceptional circumstances and an alternative means of securing the judgment creditor's interest exist.

In determining whether to waive the supersedeas bond requirement, this Court will rely on the five factors set forth in Church & Dwight Co., Inc. and Grant as stated above. Since Defendants did not specifically address the factors relevant to determining whether the bond

should be waived,[2] this Court is left to guess as to whether the factors are satisfied. Defendants' briefs indicate that the collection process would be complex, and that Defendants' are currently incapable of paying the judgment because their assets are not liquid. Both of these facts weigh heavily against waiving the bond requirement. Although Defendants claim that posting a bond would be cost prohibitive, beyond their bare allegations, they fail to demonstrate *why* a bond would be impractical or impossible, particularly since a supersedeas bond may be "in the form of cash, property, or surety bond." AMG Nat'l Trust Bank, 2008 U.S. Dist. LEXIS 44014 at *4. Defendants have also failed to address whether an alternative means for securing the judgment exists.

Based on the foregoing, this Court finds Defendants have failed to demonstrate that exceptional circumstances and alternative means of securing the judgment creditor's interest exists. Accordingly, this Court find that the supersedeas bond requirement should not be waived in this case.

V. CONCLUSION

In accordance with the foregoing, Defendants' motion for a stay is granted provided Defendants post a bond in the amount of $1,978,418.11, which represents the amount Defendants were ordered to pay Plaintiffs in this Court's March 31, 2011 Order.

---

[2] This Court notes that Defendants did not address the five factors that must be considered in deciding whether to waive the bond requirement. Instead, in both their moving papers and Reply, Defendants focused on factors used to determine whether a stay is appropriate under Fed. R. Civ. P. 62(b)(4). As previously stated, pursuant to Fed. R. Civ. P. 62(d), Defendants are entitled to a stay pending appeal as a matter of right, provided they post a supersedeas bond. At issue here is whether the bond should be waived, not whether the Judgment should be stayed.

An appropriate Order accompanies this Opinion.

                                                S/ Dennis M.Cavanaugh
                                                Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | June  14 , 2011 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Joseph A. Dickson, U.S.M.J. |
| | File |